UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

ISAAC KODSI,

          Case No. 13-40134-LMI
          Chapter 7

    Debtor.

_____/

**TRUSTEE'S OMNIBUS MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004**

    Barry E. Mukamal, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of

Isaac Kodsi (the *"Debtor"*), moves (the *"Motion"*) for the entry of an Order (1) overruling the

objections to the Notices of Examination *duces tecum* (collectively the *"Notices"*) of Ark Loan

Solutions, LLC, ALS Commercial Funding, LLC, ALS I, LLC, ALS II, LLC, ALS III, LLC,

ALS IV, LLC, ALS IX, LLC, ALS Management Solutions, LLC, ALS-RVC, LLC, ALS XII,

LLC, and ALS Capital Group, LLC (collectively the *"Examinees"*), and (2) compelling the

Examinees to produce documents responsive to their respective notices of examination. As

grounds for the Motion, the Trustee states the following:

**A.**    **PROCEDURAL BACKGROUND**

    1.    On December 20, 2013 (the *"Petition Date"*), this case was commenced by the

filing of an involuntary petition for relief under the Bankruptcy Code by petitioning creditors:

LAE NYY, LLC; Russel Pergament, and First Southern Bank. The petitioning creditors alone

hold over $11,000,000 in liquidated claims against the Debtor.

    2.    On March 28, 2014, the Court entered the Order for Relief in Involuntary Case

and Order Setting Deadline for Filing Schedules, Statements and Other Documents [ECF No.

28].

B.    **THE NOTICES OF EXAMINATION**

3.    The Trustee served the Notices on the Examinees due to the Debtor's role and affiliation with each of the Examinees.  Generally, ALS Management Solutions, LLC ("***ALS Management***"), is the "management" company for the other Examinees, which Examinees in turn upstream money to ALS Management as "management fees."  As will be discussed below, the main beneficiary of those "management fees" appears to be the Debtor.  However, the Debtor and the Examinees have asserted that the Debtor is not the owner of any of the Examinees.

4.    As a result of the foregoing, the Examinees were served with Rule 2004 *duces tecum* Notices[1] as follows:

- Ark Loan Solutions, LLC ("***Ark Loan Solutions***"), was served with a Notice of Examination on May 23, 2014 [ECF No. 86];

-ALS Commercial Funding, LLC ("***ALS Commercial***"), was served with a Notice of Examination on May 23, 2014 [ECF No. 86];

-ALS I, LLC ("***ALS I***"), was served with a Notice of Examination on May 23, 2014 [ECF No. 83];

-ALS II, LLC ("***ALS II***"), was served with a Notice of Examination on May 23, 2014 [ECF No. 81];

-ALS III, LLC ("***ALS III***"), was served with a Notice of Examination on May 23, 2014 [ECF No. 82];

-ALS IV, LLC ("***ALS IV***"), was served with a Notice of Examination on May 27, 2014 [ECF No. 88];

-ALS IX, LLC ("***ALS IX***"), was served with a Notice of Examination on May 27, 2014 [ECF No. 78];

-ALS Management Solutions, LLC ("***ALS Management***") was served with a Notice of Examination on May 23, 2014 [ECF No. 76];

-ALS-RVC, LLC ("***ALS RVC***"), was served with a Notice of Examination on May 23, 2014 [ECF No. 91];

---

[1] Notably, all the Examinees and their registered agents and/or principal place of business are located in the same office space as the Debtor's law firm.

-ALS XII, LLC ("*ALS XII*"), was served with a Notice of Examination on May 27, 2014 [ECF No. 79]; and

-ALS Capital Group, LLC ("*ALS Capital*") was served with a Notice of Examination on May 23, 2014 [ECF No. 77].

5.      The documents requested pursuant to the Notices are all substantially the same.

6.      Each of the Examinees served a formal response on September 5, 2014.  A copy of each of the responses is attached as **Composite Exhibit A**. Each of the Examinees objected on the same grounds (the "*Responses*").

## C.      MOTION TO COMPEL

7.      Surprisingly, and as the Court will read below, the Examinees have taken the position that they do not need to produce responsive documents to the Trustee because the Debtor does not own any of the Examinees.  The Examinees take such position despite the fact that:

- the Debtor has received over $40,000 from Ark Loan Solutions since April 2011, and the Debtor's wife has received over $14,000;

- the Debtor has received over $800,000 from ALS Management since January 2012, and the Debtor's wife has received over $14,000;

- the Debtor has received over $150,000 from ALS Capital since September 2012;

- the Debtor's wife has received $6,000 from ALS Capital, and transferred to it $30,000;

- the Debtor's wholly owned company, KIT Financial Services, Inc., has received over $170,000 from ALS Capital, and transferred to it $95,000;

- the Debtor's wholly owned company, KIT Financial Services, Inc., has received over $80,000 from Ark Loan Solutions; and

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

- the Debtor has received over $5,000 from ALS Commercial Funding, and the Debtor's

wife has received over $44,000 since March 2012.

**Specific Requests and Responses**

**i)**    **General Objection F in the Responses**

8.    In each of the Responses, the Examinees make the same general objection as

follows:

> Deponent objects to the production of any
> information to the extent it is outside the scope of
> Bankr.R. 2004. It is Deponent's position that Isaac
> Kodsi is not an owner of the Deponent. Therefore,
> any financial information of Deponent that has no
> relationship to the finances of Isaac Kodsi or to the
> affairs, assets or liabilities of Isaac Kodsi, is outside
> the scope of production and will not be produced.

9.    The Examinees correctly note that Rule 2004(b) provides that the examination

may relate "only to the acts, conduct, or property or to the liabilities and financial condition of

the debtor, or to any matter which may affect the administration of the debtor's estate, or to the

debtor's right to a discharge." Fed.R.Bankr.P. 2004(b). "Examinations under Rule 2004 are by

their nature extremely broad, and are allowed for the 'purpose of discovering assets and

unearthing frauds.'" *In re Pan Am. Hosp. Corp.*, 04-11819-BKC-AJC, 2005 WL 2445907

(Bankr. S.D. Fla. Feb. 25, 2005) (*quoting In re GHR Energy Corp.*, 33 B.R. 451, 453

(Bankr.D.Mass.1983)).  In fact, this Court has held that "Rule 2004 does allow the Trustee to go

on a general fishing expedition so long as the information sought relates to the acts, conduct, or

property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtor's estate." *In re MMH Auto. Grp., LLC*, 346 B.R. 229, 233

(Bankr. S.D. Fla. 2006). While this is no fishing expedition, the financial affairs of the

Examinees are <u>absolutely</u> within the scope of permissible discovery under Rule 2004.

10.     ALS Capital is a member of Ark Loan Solutions, ALS Commercial Funding, ALS I, ALS II, ALS III,  ALS IV, ALS IX, ALS-RVC, and ALS XII (the "**ALS Entities**").

11.     ALS Management and ALS Capital are both owned by the Joe Kodsi Family Trust (for which the Debtor is the trustee) and the BK Family Trust.[2] Allegedly, the Debtor's family members are the beneficiaries of those trusts. As discussed above, the Debtor has alone received numerous transfers from ALS Management and ALS Capital, which in part have funded the Debtor's lifestyle.[3]  Moreover, many of the employees of ALS Management were previously employees of the Debtor's law firm, and to this date perform services for the Debtor's law firm. And perhaps most important, the alleged owners of ALS Management, the Joe Kodsi Family Trust and BK Family Trust, appear to have never received any monies from ALS Management.

12.     The Debtor is (either directly or indirectly) in control of the ALS Entities, ALS Management, and ALS Capital. The Debtor has signature authority for the bank accounts of each of the ALS Entities and ALS Capital. In addition, the Debtor executed individual guarantees on loans extended to the ALS Entities, which loan funds were used to purchase pools of distressed loans.

13.     It is no secret that the Trustee is investigating the Debtor's potential *de facto* or beneficial ownership interest in each of these entities. Thus, discovery concerning the financial affairs of these entities is within the scope of permissible discovery under Rule 2004 because it concerns financial condition of the debtor and matters which may affect the administration of the Debtor's estate.

14.     The Examinees' objections, if sustained, would force the Trustee to "take the Examinees' word for it" that the Debtor has no ownership interest in the Examinees.  Thus, they

---

[2] BK stands for Bruria Kodsi, who is the Debtor's sister-in-law.
[3] The Debtor's monthly fixed expenses total approximately $50,000.00.

assert the Trustee may not obtain financial documents to verify the veracity of that assertion. But if that were the case, then any entity in a similar position would simply claim to have no connection to the Debtor, and thus, the Trustee's efforts to investigate whether the Debtor's beneficial interest in an entity was fraudulently concealed would be stymied.

15.     Here, the Trustee is investigating whether Debtor has an equity interest in the Examinees. The Trustee has a right to use Rule 2004 to investigate that suspicion, and if corroborated, file an action. *In re Mirant Corp.*, 326 B.R. 354 (Bankr. N.D. Tex. 2005) (Rule 2004 is permissible to engage in pre-litigation discovery). The information sought is certainly relevant to that analysis and (though not required pursuant to Rule 2004) likely to lead to the discovery of information relevant to the Trustee's investigation. Thus, the objection should be overruled.

**ii)     Specific Objections to 1, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 & 15**

16.     The Examinees made the same objections to requests number 1, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 & 15:

> on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

17.     Those requests were as follows:

> 1.     A copy of Your financial statement generated by QuickBooks or other similar accounting software.
>
> 4.     A copy of all of Your books and records (including financial records) since January 1, 2009, including but not limited to operating agreements and investment agreements.
>
> 5.     A copy of all of Your Documents related to any real property owned or sold by You, as well as any mortgages owned or sold by You.
>
> 6.     A copy of all of Your incorporation documents (and any amendments thereto).

7. Copies of the books and records (including financial records) of any business owned, either jointly, partially or individually, by You since January 1, 2009, regardless of whether the business has ceased to operate.

9. All Documents and Communications between You and any lenders or investors, including but not limited to, SAW Capital, LLC, Maxim Credit Corp., and Funxion Group, LLC.

10. List of all related companies or entities (including names and addresses of all principals) since January 1, 2009.

11. A copy of Your Accounts Receivable with name, addresses and supporting documents.

12. A copy of any and all credit applications and financial statements submitted to any bank, finance company, or other lender to obtain a loan or credit line since January 1, 2009, regardless of whether the loan was approved.

13. A copy of your Balance Sheet, detailed and summary, year to date.

14. A copy of any and all Communications and Documents between You and King Salomon Investments, LLC.

15. A copy of any and all investment disclosures, prospectus, or other Documents given to investors or for the purpose of soliciting investors.".

18. The Trustee incorporates and reiterates his response and analysis set forth in Section (C)(i) above. Specifically, these documents relate to the financial condition and property of the Debtor, to the extent that the Debtor has a beneficial interest in these entities, which the Trustee has a more than sufficient basis to investigate in this case. Moreover, these documents are relevant to the Trustee's investigation as to whether the Debtor *has* such an interest.

19. There is no dispute that the Debtor takes an active role in the Examinees and is principally responsible for "finding deals." The financials, credit applications, assets, liabilities, books and records, however, are necessary to determine if the Debtor benefits from the Examinees as would an equity owner, or if instead he is (as the Examinees assert) not involved in their business other than to "find deals.". Accordingly, these objections should be overruled.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

### iii)    Other objections

20.    The Trustee is working with counsel for the Examinees to resolve any remaining objections, but reserves the right to seek an order overruling those objections if a resolution is not reached.

WHEREFORE, the Trustee respectfully requests this Court to enter an Order: (i) compelling the Examinees to produce all requested documents in paragraphs 1, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 & 15 of each of the Notices within seven (7) calendar days of the entry of an Order approving this Motion; (ii) overruling the objections as set forth herein; and (iii) granting the Trustee such other and further relief as this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2014, the foregoing document was served via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached **Exhibit 1** and via electronic mail and U.S. Mail upon: Robert F. Reynolds, Esq., SLATKIN & REYNOLDS, P.A., One East Broward Boulevard, Suite 609, Ft. Lauderdale, Florida 33301, [rreynolds@slatkinreynolds.com].

<div style="margin-left:40%;">

s/ Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire
Fla. Bar No: 0592749
Dgonzalez@melandrussin.com
Lawrence E. Pecan, III, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

</div>

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## SERVICE LIST

**Electronic Mail Notice List**
The following is the list of parties who are currently on the list to receive e-mail notice/service for this case.

Marc P Barmat     ndixon@furrcohen.com,
mbarmat@furrcohen.com;atty_furrcohen@bluestylus.com
Becket and Lee LLP     notices@becket-lee.com
Robert P Frankel     robert@frankelpa.com
Daniel N Gonzalez     dgonzalez@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
Nathan G Mancuso     ngm@mancuso-law.com
Fernando J Menendez     fernando.menendez@gray-robinson.com, jennifer.phillips@gray-robinson.com;lisa.negron@gray-robinson.com
Barry E Mukamal     bemtrustee@kapilamukamal.com, FL64@ecfcbis.com
Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
Lawrence E Pecan     lpecan@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
Ariel Rodriguez     ariel.rodriguez@usdoj.gov
Robert A. Schatzman     robert.schatzman@gray-robinson.com, lauren.rome@gray-robinson.com;lisa.negron@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
Michael D. Seese     mseese@seeselaw.com, sseward@seeselaw.com
Steven E Seward     sseward@seeselaw.com
Zach B Shelomith     zshelomith@lslawfirm.net,
jleiderman@lslawfirm.net;fplechacdiaz@lslawfirm.net;dverde@lslawfirm.net
Cynthia M Talton     sobkmail@wolfelawfl.com
Rhett Traband     rtraband@broadandcassel.com, yportanova@broadandcassel.com

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                              **CASE NO. 13-40734-LMI**
                                                    **CHAPTER 7**
**ISAAC KODSI,**

    Debtor.

---

### ARK LOAN SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

Ark Loan Solutions, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

A.    The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure. The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

B.    By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

C.    The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena. If the Trustee subsequently asserts any interpretation of any item of the Subpoena

COMPOSITE
EXHIBIT A

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

        D.      The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

        E.      The above objections and reservations are incorporated into any and all responses set forth herein.

        F.      Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004.  It is Deponent's position that Isaac Kodsi is not an owner of the Deponent.  Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.    **SLATKIN & REYNOLDS, P.A.**
Attorneys for Deponent
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By:  /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

    /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS

### ARK LOAN SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.      In response to Request No. 1, Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.      In response to Request No. 2, tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.      In response to Request No. 3, the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive.  However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.      Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.      Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.      Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.      Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.      In response to Request No. 8, Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.      Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.      Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.      Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.      Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.      Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.      Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                          **CASE NO. 13-40734-LMI**
                                                **CHAPTER 7**
**ISAAC KODSI,**

    Debtor.
_____

### ALS COMMERCIAL FUNDING, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

ALS Commercial Funding, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

A.      The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure. The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

B.      By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

C.      The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena. If the Trustee subsequently asserts any interpretation of any item of the Subpoena

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

D.    The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

E.    The above objections and reservations are incorporated into any and all responses set forth herein.

F.    Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004.  It is Deponent's position that Isaac Kodsi is not an owner of the Deponent.  Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.    **SLATKIN & REYNOLDS, P.A.**
Attorneys for Deponent
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
ROBERT F. REYNOLDS
Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

/s/ Robert F. Reynolds
ROBERT F. REYNOLDS

## ALS COMMERCIAL FUNDING, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.      In response to Request No. 1, Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.      In response to Request No. 2, tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.      In response to Request No. 3, the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive. However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.      Deponent objects to Request No. 4, on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.      Deponent objects to Request No. 5, on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.      Deponent objects to Request No. 6, on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.      Deponent objects to Request No. 7, on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.      In response to Request No. 8, Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9, on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.     Deponent objects to Request No. 10, on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.     Deponent objects to Request No. 11, on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.     Deponent objects to Request No. 12, on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.     Deponent objects to Request No. 13, on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.     Deponent objects to Request No. 14, on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.     Deponent objects to Request No. 15, on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.

One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                          **CASE NO. 13-40734-LMI**
                                                **CHAPTER 7**
**ISAAC KODSI,**

    Debtor.

_____

## ALS I, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

ALS I, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

A.    The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure. The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

B.    By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

C.    The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena. If the Trustee subsequently asserts any interpretation of any item of the Subpoena

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

D. The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

E. The above objections and reservations are incorporated into any and all responses set forth herein.

F. Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004. It is Deponent's position that Isaac Kodsi is not an owner of the Deponent. Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014. **SLATKIN & REYNOLDS, P.A.**
Attorneys for Deponent
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
ROBERT F. REYNOLDS
Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

/s/ Robert F. Reynolds
ROBERT F. REYNOLDS

## ALS I, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.      In response to Request No. 1 Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.      In response to Request No. 2 tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.      In response to Request No. 3 the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive. However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.      Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.      Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.      Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.      Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.      In response to Request No. 8, Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.      Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.      Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.      Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.      Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.      Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.      Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                   **CASE NO. 13-40734-LMI**
                                                         **CHAPTER 7**
**ISAAC KODSI,**

        Debtor.

---

## ALS II, LLC RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

ALS II, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

A.      The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure.  The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

B.      By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

C.      The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena.  If the Trustee subsequently asserts any interpretation of any item of the Subpoena

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

        D.      The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

        E.      The above objections and reservations are incorporated into any and all responses set forth herein.

        F.      Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004.  It is Deponent's position that Isaac Kodsi is not an owner of the Deponent.  Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

> I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.

> **SLATKIN & REYNOLDS, P.A.**
> Attorneys for Deponent
> One East Broward Boulevard, Suite 609
> Fort Lauderdale, Florida 33301
> Telephone 954.745.5880
> Facsimile 954.745.5890
> rreynolds@slatkinreynolds.com
>
> By: /s/ Robert F. Reynolds
>     ROBERT F. REYNOLDS
>     Fla. Bar No. 174823

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing has been furnished via email to Daniel

N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

/s/ Robert F. Reynolds
ROBERT F. REYNOLDS

## ALS II, LLC RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.      In response to Request No. 1 Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.      In response to Request No. 2 tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.      In response to Request No. 3 the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive.  However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.      Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.      Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.      Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.      Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.      In response to Request No. 8 Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.     Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.     Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.     Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.     Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.     Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.     Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                        CASE NO. 13-40734-LMI
                                              CHAPTER 7
**ISAAC KODSI,**

    Debtor.

---

## ALS III, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

    ALS III, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

    A.    The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure. The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

    B.    By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

    C.    The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena. If the Trustee subsequently asserts any interpretation of any item of the Subpoena

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

   D.  The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

   E.  The above objections and reservations are incorporated into any and all responses set forth herein.

   F.  Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004. It is Deponent's position that Isaac Kodsi is not an owner of the Deponent. Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.  **SLATKIN & REYNOLDS, P.A.**
                  Attorneys for Deponent
                  One East Broward Boulevard, Suite 609
                  Fort Lauderdale, Florida 33301
                  Telephone 954.745.5880
                  Facsimile 954.745.5890
                  rreynolds@slatkinreynolds.com

                  By: /s/ Robert F. Reynolds
                    ROBERT F. REYNOLDS
                    Fla. Bar No. 174823

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

                  /s/ Robert F. Reynolds
                  ROBERT F. REYNOLDS

## ALS III, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.　　In response to Request No. 1 Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.　　In response to Request No. 2 tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.　　In response to Request No. 3 the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive. However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.　　Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.　　Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.　　Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.　　Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.　　In response to Request No. 8 Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.      Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.      Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.      Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.      Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.      Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.      Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.

One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

ISAAC KODSI,

    Debtor.

CASE NO. 13-40734-LMI
CHAPTER 7

<u>**ALS IV, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR**</u>
<u>**RULE 2004 EXAMINATION *DUCES TECUM***</u>

    ALS IV, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's

Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

<u>**GENERAL RESPONSES AND OBJECTIONS**</u>

    A.    The Deponent objects to the Subpoena to the extent that it requires responses that

would reveal information that is protected from discovery under the attorney client privilege, the

work-product doctrine, or any other privilege recognized by the Federal Rules of Civil

Procedure.  The inadvertent disclosure of any privileged information pursuant to the Subpoena

does not constitute a waiver of any privilege.

    B.    By responding to any numbered item of the Subpoena, the Deponent does not (1)

waive any objection that might otherwise be made to such requests; (2) admit that any responses

are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the

requests.

    C.    The Deponent will make reasonable adverse responses to each item of the

required Subpoena, to the extent no objection is made, as the Deponent understand and interpret

the Subpoena.  If the Trustee subsequently asserts any interpretation of any item of the Subpoena

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

      D.     The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

      E.     The above objections and reservations are incorporated into any and all responses set forth herein.

      F.     Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004.  It is Deponent's position that Isaac Kodsi is not an owner of the Deponent.  Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.     **SLATKIN & REYNOLDS, P.A.**
Attorneys for Deponent
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

    /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS

## ALS IV, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.      In response to Request No. 1 Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.      In response to Request No. 2 tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.      In response to Request No. 3 the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive. However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.      Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.      Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.      Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.      Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.      In response to Request No. 8 Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.      Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.      Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.      Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.      Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.      Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.      Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

**ISAAC KODSI,**

    Debtor.

**CASE NO. 13-40734-LMI**
**CHAPTER 7**

## ALS IX, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

    ALS IX, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

    A.    The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure. The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

    B.    By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

    C.    The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena. If the Trustee subsequently asserts any interpretation of any item of the Subpoena

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

        D.      The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

        E.      The above objections and reservations are incorporated into any and all responses set forth herein.

        F.      Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004.  It is Deponent's position that Isaac Kodsi is not an owner of the Deponent.  Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.     **SLATKIN & REYNOLDS, P.A.**
Attorneys for Deponent
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

    /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS

## ALS IX, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.       In response to Request No. 1, Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.       In response to Request No. 2, tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.       In response to Request No. 3, the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive. However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.       Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.       Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.       Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.       Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.       In response to Request No. 8, Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.      Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.      Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.      Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.      Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.      Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.      Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                              **CASE NO. 13-40734-LMI**
                                                    **CHAPTER 7**
**ISAAC KODSI,**

     Debtor.

_____

## ALS MANAGEMENT SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

ALS Management Solutions, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

A.      The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure.  The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

B.      By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

C.      The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena.  If the Trustee subsequently asserts any interpretation of any item of the Subpoena

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

        D.     The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

        E.     The above objections and reservations are incorporated into any and all responses set forth herein.

        F.     Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004.  It is Deponent's position that Isaac Kodsi is not an owner of the Deponent.  Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Deponent
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

        I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

    /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS

### ALS MANAGEMENT SOLUTIONS, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.      In response to Request No. 1, Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.      In response to Request No. 2, tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.      In response to Request No. 3, the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive. However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.      Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.      Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.      Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.      Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.      In response to Request No. 8, Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.      Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.      Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.      Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.      Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.      Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.      Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    CASE NO. 13-40734-LMI
                                                          CHAPTER 7
**ISAAC KODSI,**

     Debtor.

_____

<u>**ALS-RVC, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM***</u>

ALS-RVC, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

<u>**GENERAL RESPONSES AND OBJECTIONS**</u>

A.     The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure.  The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

B.     By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

C.     The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena.  If the Trustee subsequently asserts any interpretation of any item of the Subpoena

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

        D.      The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

        E.      The above objections and reservations are incorporated into any and all responses set forth herein.

        F.      Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004.  It is Deponent's position that Isaac Kodsi is not an owner of the Deponent.  Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Deponent
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

        I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

    /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS

### ALS-RVC, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.	In response to Request No. 1, Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.	In response to Request No. 2, tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.	In response to Request No. 3, the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive. However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.	Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.	Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.	Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.	Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.	In response to Request No. 8, Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.      Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.      Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.      Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.      Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.      Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.      Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

In re:

**ISAAC KODSI,**

Debtor.

**CASE NO. 13-40734-LMI**
**CHAPTER 7**

## ALS XII, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

ALS XII, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

A.     The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure.  The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

B.     By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

C.     The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena.  If the Trustee subsequently asserts any interpretation of any item of the Subpoena

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

       D.      The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

       E.      The above objections and reservations are incorporated into any and all responses set forth herein.

       F.      Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004.  It is Deponent's position that Isaac Kodsi is not an owner of the Deponent.  Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Deponent
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

       I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

    /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS

## ALS XII, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.     In response to Request No. 1, Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.     In response to Request No. 2, tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.     In response to Request No. 3, the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive. However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.     Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.     Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.     Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.     Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.     In response to Request No. 8, Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.      Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.      Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.      Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.      Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.      Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.      Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    **CASE NO. 13-40734-LMI**
                                                          **CHAPTER 7**
**ISAAC KODSI,**

    Debtor.

_____

## ALS CAPITAL GROUP, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

ALS Capital Group, LLC ("Deponent") by and through undersigned counsel, responds to Trustee's Subpoena for Rule 2004 Examination *Duces Tecum* and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

A.     The Deponent objects to the Subpoena to the extent that it requires responses that would reveal information that is protected from discovery under the attorney client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure.  The inadvertent disclosure of any privileged information pursuant to the Subpoena does not constitute a waiver of any privilege.

B.     By responding to any numbered item of the Subpoena, the Deponent does not (1) waive any objection that might otherwise be made to such requests; (2) admit that any responses are admissible at trial; or (3) adopt the Trustee's characterizations of the subject matter of the requests.

C.     The Deponent will make reasonable adverse responses to each item of the required Subpoena, to the extent no objection is made, as the Deponent understand and interpret the Subpoena.  If the Trustee subsequently asserts any interpretation of any item of the Subpoena

that differs from the Deponent's interpretation, the Deponent reserve the right to supplement his objections and responses.

        D.      The Deponent reserves the right to supplement, amend and/or correct all or any part of his responses.

        E.      The above objections and reservations are incorporated into any and all responses set forth herein.

        F.      Deponent objects to the production of any information to the extent it is outside the scope of Bankr.R. 2004.  It is Deponent's position that Isaac Kodsi is not an owner of the Deponent.  Therefore, any financial information of Deponent that has no relationship to the finances of Isaac Kodsi or to the affairs, assets or liabilities of Isaac Kodsi, is outside the scope of production and will not be produced.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 5th day of September, 2014.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Deponent
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing has been furnished via email to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com on this 5th day of September, 2014.

    /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS

## ALS CAPITAL GROUP, LLC'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

1.      In response to Request No. 1, Deponent objects to the production of the production of Debtor's financial statement on the basis that Debtor is not an owner of Deponent and thus the financial statement has no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

2.      In response to Request No. 2, tax returns for 2010, 2011 and 2012 have already been produced.  Deponent has not filed a 2013 tax return as of the filing of this Response.

3.      In response to Request No. 3, the Deponent objects to the blanket production of all of its bank statements, cancelled checks and ledgers since January 1, 2009 on the grounds that the documents do not relate to acts, conduct, property, liabilities or financial condition of the Debtor, or to any manner which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge.  To the extent that certain documents, such as payments directly to the Debtor, would fall within the scope of Bankr.R. 2004, said documents are responsive. However, it is Deponent's understanding that the Trustee has already obtained these documents from third party sources, thus, subject to the Trustee's indicating that documents have not been produced by third party sources, Deponent is not producing any documents responsive to this Request at this time.

4.      Deponent objects to Request No. 4 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

5.      Deponent objects to Request No. 5 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

6.      Deponent objects to Request No. 6 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

7.      Deponent objects to Request No. 7 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

8.      In response to Request No. 8, Deponent objects to the production of emails on the grounds that, while the emails are arguably responsive pursuant to Bankr.R. 2004, the Deponent is entitled to compensation pursuant to Bankr.R. 9016 and Fed.R.Civ.P. 45 for the time it will take to locate, review and produce emails, to the extent they exist.  As discussed in a prior hearing during which time the Court directed counsel for the Trustee and counsel for the Deponent to discuss a resolution of the email issues related to another subpoena by using search terms or otherwise reviewing the local rules of the United States District Court, which procedures Deponent is willing to undertake as part of the instant subpoena, Deponent

3

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

nonetheless objects on the foregoing grounds but will endeavor to resolve the matter with the Trustee.

9.      Deponent objects to Request No. 9 on the basis that Debtor is not an owner of Deponent and documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

10.      Deponent objects to Request No. 10 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

11.      Deponent objects to Request No. 11 on the basis that Debtor is not an owner of Deponent and the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

12.      Deponent objects to Request No. 12 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

13.      Deponent objects to Request No. 13 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

14.      Deponent objects to Request No. 14 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

15.      Deponent objects to Request No. 15 on the basis that Debtor is not an owner of Deponent and thus the documents requested have no bearing on the acts, conduct, property, liabilities, or financial condition of the Debtor.

SLATKIN & REYNOLDS, P.A.

One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880