UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>**ISAAC KODSI,**<br><br>    Debtor. | **CASE NO. 13-40134-LMI**<br>**CHAPTER 7** |

**ARK LOAN SOLUTIONS, LLC, ALS COMMERCIAL FUNDING, LLC, ALS I, LLC, ALS II, LLC, ALS III, LLC, ALS IV, LLC, ALS IX, LLC, ALS MANAGEMENT SOLUTIONS, LLC, ALS-RVC, LLC, ALS XII, LLC AND ALS CAPITAL GROUP, LLC'S RESPONSE IN OPPOSITION TO TRUSTEE'S OMNIBUS MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004**

Ark Loan Solutions, LLC, ALS Commercial Funding, LLC, ALS I, LLC, ALS II, LLC, ALS III, LLC, ALS IV, LLC, ALS IX, LLC, ALS Management Solutions, LLC, ALS-RVC, LLC, ALS XII, LLC and ALS Capital Group, LLC (collectively the "ALS Entities"), by and through undersigned counsel, respond in opposition to Trustee's Omnibus Motion to Compel Production of Documents Pursuant to Rule 2004 (the "Motion") [ECF 281], and as grounds in support thereof states as follows:

    1.    The ALS Entities do not dispute the broad swath of Bankr.R. 2004. However, the rule has its limitations, and the Trustee has far exceeded them in his subpoenas to the ALS Entities.

    2.    The ALS Entities first note that the Trustee has misrepresented the fact that the Debtor, Isaac Kodsi ("Kodsi" or the "Debtor") has signature authority on the bank accounts of all of the ALS Entities. The Debtor does <u>not</u> have signature authority on the accounts of ALS I, LLC, ALS II, LLC, ALS III, ALS IX, LLC, ALS XII, LLC and, most notably, ALS Management Solutions, LLC ("ALS Management"), the company which the Trustee alleges has paid the Debtor the most since 2012.

1
**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

3.The simple reason ALS Management has paid the Debtor is because the Debtor is an employee of ALS Management and receives his W-2 salary from that company. Attached hereto as Exhibit "1" is a response to a writ of garnishment that ALS Management filed in a state court case in April of 2013 that took that exact position.

4.With regards to why the Trustee is requesting documents from the ALS Entities, the Trustee makes it clear that he believes that, in some as-of-yet-unexplained manner, the Debtor somehow holds some ownership interest in some or all of the ALS Entities. Yet, the documents the Trustee has requested will not provide any insight into those allegations. Rather, the documents requested pertain to the assets of the ALS Entities—not assets of the Debtor.

5.For example, the Trustee has requested documents evidencing the accounts receivables of the ALS Entities (Request No. 11). There is no conceivable manner that the accounts receivable information could possibly have any probative value as to any alleged ownership interest of the Debtor. Likewise, requests asking for documents relating to all real property the ALS Entities own (Request No. 5), copies of documents related to businesses that the ALS Entities may own (Request No. 7), balance sheets (Request No. 13) and financial statements all seek information related to the assets of the ALS Entities, all of whom are not debtors before this Court. The Trustee's attempts to paint a broad brush picture of the Debtor's control over these companies in order to pry into their finances should not be condoned.

6.It has long been recognized that Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Wilcher,* 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). This Court has recognized the limits on production under Bankr.R. 2004 and cited the *Wilcher* opinion with approval. *See In re El Toro Exterminator of Fla., Inc.*, 2006 Bankr. LEXIS 24, 27 at * 5 (Bankr. S.D. Fla. 2006) (Isicoff, J.). ("[W]hile this

right of examination is broad, it is not limitless.") (citing *Wilcher* and *Snyder v.Society Bank*, 181 B.R. 40 (S.D. Tex. 1994)).

7. In this case, the Trustee has, respectfully, exceeded the limits of Rule 2004 in asking for essentially every business record of the ALS Entities. The assets of the ALS Entities are not relevant to the assets of the Debtor. The only reason the Trustee is seeking them is so the Trustee can formulate a number to which he may then demand from the Debtor and his family. This is clearly not a proper purpose for a Rule 2004 document request.

8. The other evidence that the Trustee cites as to the Debtor's involvement does not make the Debtor a *de facto* owner. The Trustee cites the fact that the Debtor signed guaranties related to loans extended the ALS Entities. For beginners, the Trustee again misrepresents the extent of the Debtor's involvement, as the Debtor did not guarantee all of the debts. The Trustee, conveniently, then fails to describe the guarantees in any detail.

9. The ALS Entities do not wish for a copy of the guaranties to be provided in the public record, but will bring copies of same to the hearing on the Motion, to show that the guaranties are limited in nature, are not tied to the financial status of the Debtor, but only become enforceable if the Debtor undertakes certain "bad boy" acts.

10. The persons and entities who loaned monies to the ALS Entities were all aware of the Debtor's financial problems. Those entities wanted certain protections that, in their minds, would impose liability against the Debtor if the Debtor undertook any actions in contravention to the member agreements and/or loan agreements with the ALS Entities. The guaranties are not evidence that the Debtor is in control of any of the ALS Entities, but instead demonstrate that a sophisticated and knowledgeable lender, who was aware of the Debtor's financial problems, did as much as it could to protect itself in case the Debtor engaged in any inappropriate behavior.

11. It is also worth noting that the Debtor was not the only person who the lenders asked for guarantees from. Other individuals involved with the ALS Entities likewise signed guarantees.

12. The real issues here are between the Debtor and his family members, and specifically, why the Debtor's family members have directed certain of the ALS Entities of which the Debtor is not an employee to transfer monies directly to the Debtor. Dragging the ALS Entities into the fray by asking for every piece of paper related to their existence and seeking to discover all of their assets is unwarranted, outside the scope of Rule 2004, and inappropriate in this case. The Trustee is not looking for information to determine whether or not the Debtor is a *de facto* owner; he is attempting to locate the assets of the ALS Entities so that he can use that information to determine what he believes the entities are worth and then use that number to attempt to coerce a settlement out of the Kodsi family. Such use of Rule 2004 should not be tolerated.

WHEREFORE, for the reasons stated herein, the ALS Entities requests the Court deny Trustee's Motion, sustain the objections of the ALS Entities, as well as grant any further relief the Court deems proper under the circumstances.

Dated this 21st day of October, 2014.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for ALS Entities
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
   ROBERT F. REYNOLDS
   Fla. Bar No. 174823

Case No. 13-40134-LMI

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF electronic noticing system to Office of the US Trustee, USTPRegion21.MM.ECF@usdoj.gov; Marc P. Barmat, Esq., ndixon@furrcohen.com, mbarmat@furrcohen.com; Becket and Lee LLP, notices@becket-lee.com; Robert P. Frankel, Esq., robert@frankelpa.com; Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com; Nathan G. Mancuso, Esq., ngm@mancuso-law.com; Fernando J. Menendez, Esq., fernando.menendez@gray-robinson.com, jennifer.phillips@gray-robinson.com; Barry E. Mukamal, Trustee, bemtrustee@kapilamukamal.com, FL64@ecfcbis.com; Ariel Rodriguez, Esq., ariel.rodriguez@usdoj.gov; Robert A. Schatzman, Esq., robert.schatzman@gray-robinson.com, lauren.rome@gray-robinson.com; Michael D. Seese, Esq., mseese@seeselaw.com, sseward@seeselaw.com; Steven E. Seward, Esq., sseward@seeselaw.com; Zach B. Shelomith, Esq., zshelomith@lslawfirm.net, jleiderman@lslawfirm.net; Cynthia M. Talton, Esq., sobkmail@wolfelawfl.com; Rhett Traband, Esq., rtraband@broadandcassel.com, yportanova@broadandcassel.com and all other parties entitled to receive notice via the Court's CM/ECF noticing system on this 21st day of October, 2014.

/s/ Robert F. Reynolds<br>ROBERT F. REYNOLDS

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

# EXHIBIT "1"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| **COMPASS BANK**, an Alabama banking corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**CYPRESS BAY DEVELOPMENT, LLC,** a Florida limited liability company, **ISAAC KODSI,** an individual, **LAE NYY LLC,** a Florida limited liability company, **CHUCK'S BACKHOE SERVICE, INC.,** a Florida corporation, **ARK DEVELOPERS, INC.,** a Florida corporation, **HJ FOUNDATION COMPANY,** a Florida corporation, and **ROYAL ELECTRIC, INC.,** a Florida corporation,<br><br>Defendants. | CASE NO.: 08-33931 CA 04<br>Consolidated Case No. 08-70393 CA 04 |
| **TALA CONSTRUCTION COMPANY,** a Florida corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**LAE NYY, LLC,** a Florida limited liability company, and **ARK DEVELOPERS, INC.,** a Florida corporation,<br><br>Defendants. | |

## <u>ALS MANAGEMENT SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO WRITS OF GARNISHMENT OF PLAINTIFF</u>

ALS Management Solutions, LLC ("Garnishee"), by and through undersigned counsel, answers Plaintiffs' Writs of Garnishment and state as follows:

Case No. 08-33931 CA 04

1. At the time of the service of the Writ of Garnishment, and at all times subsequent to such service up to and including the time of the making of this Answer, the Garnishee was not indebted to Isaac Kodsi ("Kodsi"), with the exception of the foregoing:

   a. Kodsi is a W-2 employee of Garnishee. During the time between service of the Writ and the making of this Answer, Kodsi was entitled to gross pay of $11,538.46 and net pay, after withholdings, of $11,239.80. Pursuant to 15 U.S.C. §§ 1672(b) and 1673, and assuming that Kodsi is not entitled to claim any other exemptions, Plaintiffs would be entitled to recover 25% of Kodsi's "disposable earnings," which total $2,809.95. Accordingly, Garnishee is holding $2,809.95.

2. Except as specifically stated herein, at the time of the service of the Writ of Garnishment and all times subsequent to such service up to and including the time of the making of this Answer, the Garnishee did not have any tangible or intangible personal property of Kodsi in its possession or control.

3. Garnishee is not aware of any other person, firm or corporation which is indebted to Kodsi at the time of the service of the Writ of Garnishment or at any time between that time and the time of the making of this Answer.

4. Garnishee is not aware of any person, firm or corporation who had any of the effects of Kodsi in his hands, possession or control at the time of the filing of the Writ of Garnishment or at any time between that time and the time of the making of this Answer.

5. Garnishee requests payment of its attorney's fees and costs pursuant to Florida Statutes, § 77.28, incurred in responding to the Writ as well as any other fees and costs the Court awards under the circumstances.

Dated this 22nd day of April, 2013.

Case No. 08-33931 CA 04

>SLATKIN & REYNOLDS, P.A.
>Attorneys for Garnishee
>One East Broward Boulevard, Suite 609
>Fort Lauderdale, Florida 33301
>Telephone 954.745.5880
>Facsimile 954.745.5890
>Primary Email: rreynolds@slatkinreynolds.com
>Secondary Email: imalcolm@slatkinreynolds.com
>
>By: _____
>ROBERT F. REYNOLDS
>Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via email to Robert P. Frankel, Esq., kim@frankelpa.com, robert@frankelpa.com, rmora@frankelpa.com and Gary M. Singer, Esq., Carolyn@garymsinger.com, service@garysingerlaw.com, info@garymsinger.com on this 22nd day of April, 2013.

_____
ROBERT F. REYNOLDS